White, J.
It is suggested in the argument of the counsel for the plaintiff in error that after the reversal of the judgment by the District Court, and the remanding of the cause, the Court of Common Pleas ordered its removal to the Circuit Court; and that subsequently the Circuit Court dismissed the cause from that court, remanding it to the Court of Common Pleas, for the reason that the defendant had failed to comply with the act of Congress in filing the papers in the cause in that court. In connection with this suggestion a certified transcript from the journal of the Circuit Court is filed, showing such dismissal.
In regard to the matter thus submitted, it is only necessary to say that it has no bearing upon the question now before us. That question is whether the District Court *408 was •warranted in reversing the judgment of the Common Pleas for its refusal to allow the removal of the cause to the Circuit Court. This question must be determined upon the case as it stood at the time of the reversal, and not upon what subsequently occurred.
The first petition for removal was filed under section 12 of the judiciary act of 1789 (1 Stat. at Large, 79).
That section, so far as applicable to the present case, provides,41 that if a suit be commenced in any state court . . . by a citizen of .the state in which the suit is brought against a citizen of another state, . . . and the defendant shall, at the time of entering his appearance in such state court, file a petition for the removal of the cause into the next Circuit Court to be held in the district where the ■suit is pending, . . and offer good and sufficient surety for his entering in such court, on the first day of its session, copies of said process against him, ... it shall then be the duty of the state court to accept the surety, and proceed no further in the cause, ...”
Under this section, security is required that the party petitioning for the removal will enter in the Circuit Court, on the first day of its session, popies of the process against him, etc.
The bond presented with the first petition did not conform to this provision of the statute. The condition of the bond was that Andrew J. Marvin or his legal representatives should enter or cause to be entered in the Circuit Court the process, etc. This bond, in our opinion, it was not the duty of the court to accept.
The second and third petitions were filed under the act of March 2, 1867. Neither of these petitions were presented to the court until the 8th of June, 1874; but treating them both, with the accompanying bonds, as presented to the court on the second application for removal, neither of them made a case for removal.
The time prescribed in the condition of the bond accompanying the second petition, within which the process, pleadings, etc., were to' be entered in the Circuit Court, *409 'had already elapsed. This bond, therefore, could afford no .security for the future conduct of the petitioner in effecting a removal of the cause.
The bond presented with the third petition was like the one submitted with the first petition, and was, for the same reason, insufficient. The provision in the act of March 2, 1867, as regards the nature of the security to be offered, is, in respect to the matter now in question, the same as section 12 of the act of 1789.
"We find no error, therefore, in the action of the Court ■of Common Pleas in refusing to grant the removal of the •cause.
In regard to what is claimed by counsel in argument as to the effect upon former acts of the act to revise the statutes of the United States in force December 1,1873, and the act of March 3, 1875, it may be remarked that the present case is not affected by these statutes. By section 5597 of the act first named, pending suits are saved from, its operation, and before the passage of the other act the rights of the parties were fixed
Judgment of the District Court reversed, and that of the ■Court of Common Pleas affirmed.
Welch, C.J., Rex, Gilmore, and McIlvaine, J.J., concurred.